IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

2023 OCT 19 PM 3:48

JEFFREY P. COLWELL
CLERK

BY_____DEP. CLK

Civil Action No. _____
(To be supplied by the court)

Oluwanisola Abolaji and NSA-5280 LLC, Plaintiff

v.

St. vrain School District, Chs AA
Ty Gordan, Russell Fox, Brandy Melendy,
Ronald Melendy, Jennifer Rhodes, Josh Woitz,
Jason Paluda, Jay Doehring, Teri Doehring,
Tiernay Dirks,
See Attached                    , Defendant(s).

**Jury Trial requested:**
(please check one)
✓ Yes ___ No

(*List each named defendant on a separate line. If you cannot fit the names of all defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names of the defendants listed in the above caption must be identical to those contained in Section B. Do not include addresses here.*)

## COMPLAINT

### NOTICE

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

**Plaintiff need not send exhibits, affidavits, grievances, witness statements, or any other materials to the Clerk's Office with this complaint.**

A. **PLAINTIFF INFORMATION**

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address. Failure to keep a current address on file with the court may result in dismissal of your case.*

Oluwanisola Abolaji 524 Hawthorn Cir Frederick, CO 80530
(Name and complete mailing address)

720-245-0971, Sola@NFA-FX.com
(Telephone number and e-mail address)

B. **DEFENDANT(S) INFORMATION**

*Please list the following information for each defendant listed in the caption of the complaint. If more space is needed, use extra paper to provide the information requested. The additional pages regarding defendants should be labeled "B. DEFENDANT(S) INFORMATION."*

Defendant 1: St. Vrain Valley School District 395 S. Pratt Pkwy, Longmont, CO 80501
(Name and complete mailing address)

3037766200
(Telephone number and e-mail address if known)

Defendant 2: CASAA 14855 E 2nd Ave, Aurora, CO 80011
(Name and complete mailing address)

3033445050
(Telephone number and e-mail address if known)

Defendant 3: Ty Gordan 5690 Tipple Pkwy, Longmont, CO 80504
(Name and complete mailing address)

303 579 9046
(Telephone number and e-mail address if known)

Defendant 4: Brandy Melenky 5474 Wetlands Dr. Frederick, CO 80504
(Name and complete mailing address)

brandya31@aol.com
(Telephone number and e-mail address if known)

Defendant 5. Russell Foy 5690 Tipple Pkwy, Longmont, CO 80504
fox_russell@svvsd.org

Defendant 6. Jason Paluda
jasonpaluda@gmail.com

Defendant 7. Jennifer Rhodes
PharmacistCraig@live.com

Defendant 8 See Attached

2

## C. JURISDICTION

*Identify the statutory authority that allows the court to consider your claim(s): (check one)*

__✓__  Federal question pursuant to 28 U.S.C. § 1331 (claims arising under the Constitution, laws, or treaties of the United States)

List the specific federal statute, treaty, and/or provision(s) of the United States Constitution that are at issue in this case.

_Defamation, libel and Slander_
_See Attached_

____  Diversity of citizenship pursuant to 28 U.S.C. § 1332 (a matter between individual or corporate citizens of different states and the amount in controversy exceeds $75,000)

Plaintiff is a citizen of the State of _____.

If Defendant 1 is an individual, Defendant 1 is a citizen of _____.

If Defendant 1 is a corporation,

Defendant 1 is incorporated under the laws of _____ (name of state or foreign nation).

Defendant 1 has its principal place of business in _____ (name of state or foreign nation).

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3

Defendants
1. St. Vrain Valley School district 395 s. Pratt pkwy, Longmont Co 80501  303-776-6200

2. CHSAA(Colorado Highschool association): 14855 E 2nd ave, Aurora Co 80011. 303-344-50550

3. Ty Gordan, Russell Fox : 5690 tipple pkwy, Longmont Co, 80504.

4. Fox_russell@svvsd.org: 5690 tipple pkwy, Longmont Co, 80504

5. Brandy Melendy: 5474 Wetlands dr. Frederick Co, 80504. Brandyg31@aol.com
Ronald Melendy 5474 Wetlands dr. Frederick Co, 80504

6. Jennifer Rhodes: pharmacistcraig@live.com

7. Jason Paluda:  9822 Buffalo St, Firestone, CO 80504
jasonpaluda@gmail.com

8. Jay Doehring: jdoehring10@aol.com 1590 Wildflower Ct, Brighton, CO 80601

9. Teri Doehring 1590 Wildflower Ct, Brighton, CO 80601,

10. Joshua Woita   4880 Sandy Ridge Ave, Longmont, CO 80504. woita_joshua@svvsd.org, 303-746-3971

11. Tiernay Dirks: 1331 Alpine St Longmont, CO

IN THE UJITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

Civil action No.

Oluwanisola Abolaji and NFA-5280 LLC

Plaintiffs, V.

St. Vrain Valley School district (here in as FHS), CHSAA(Colorado Highschool association)Ty Gordan, Russell Fox, Brandy Melendy, Ronald Melendy, Jennifer Rhodes, Jason Paluda, Jay Doehring, Teri Doehring, Joshua Woita, and Tiernay DirksDefendants.

---

**Complaint**

---

Now comes the Plaintiffs, NFA-5280 LLC and Oluwanisola Abolaji (herein as Mr. Abolaji) and by and through self-representation, and complaining of the Defendant St. Vrain Valley School district (here in as FHS), CHSAA(Colorado Highschool association), Frederick High school assistant principle and athletic director Ty Gordan (herein as Mr. Gordan), Frederick High school principle Russell Fox (herein as Mr. Fox) , Brandy Melendy (herein as Mrs. Melendy) , Ronald Melendy (herein as Mr. Melendy) , Jennifer Rhodes (herein as Mrs. Rhodes)  , Jason Paluda (herein as Mr. Paluda)  , former Frederick Highschool coach soccer Jay Doehring (herein as Mr. Doehring)  , Teri Doehring (herein as Mrs. Doehring)  , current Frederick highschool soccer coach Joshua Woita  (herein as Mr. Woita), and  Real Colorado soccer director of coaching Tiernay Dirks (herein as Mrs. Dirks), and would show this Honorable Court:

## Introduction

Plaintiff Oluwanisola Abolaji (herein as Mr. Abolaji) is a first-generation African American male born in Illinois. Mr. Abolaji's parents immigrated to the United States from Nigeria. Growing up poor, Mr. Abolaji split his childhood between a trailer park in Illinois and a small village in Nigeria. It was in Nigeria and the trailer parks of rural America that Mr. Abolaji's love of soccer was born. During his collegiate and professional career, Mr. Abolaji created his own soccer development program entitled Nisola Futbol Academy. Mr. Abolaji's international experience, network, knowledge of the sport and intuitive ability to develop young soccer players is what made him a monumental higher for FHS. At the time of Mr. Abolaji hiring by FHS, his soccer business was geared towards building a European model youth to professional soccer club. Mr. Abolaj work with NFA-5280 was well known not only in the state of Colorado but also, nationally and globally. For instance Mr. Abolaji has trained, managed and mentored approximately one hundred (100) NCAA division 1, FIFA World Cup and Olympic Gold medalists. Including FIFA Ballon D'or (best player in world award) winners. To induce Mr. Abolaji to work for FHS, Mr. Gordan provide Frederick high school facilities for Mr. Abolaji to build his European modeled soccer club. Despite, the soccer program getting off to a very strong start, defendants began to slander and write false statements damaging his reputation. Mr. Abolaji relies heavily upon word of mouth and his reputation to generate clients for his business. After creating a hostile work environment and publishing multiple

false statements, Mr. Abolaji physical and mental health severely suffered and then he lost his employment with FHS.

**JURISDICTION AND VENUE**

1. NFA-5280, LLC is a limited liability company organized in the State of Colorado that regularly transacts business and provides services in Colorado.
2. Mr. Abolaji is black (African American) a citizen and resident of Frederick, Colorado in Weld County.
3. Upon information and belief, Defendants are currently a citizen and resident of Weld County, Colorado.
4. Upon information and belief, Defendants, at all relevant times herein, was a citizen and resident of Weld County, Colorado.
5. This action arises under the Constitution and laws of the United States of America and the State of Colorado, including Article III, Section 1 of the United States Constitution.
6. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331 & 1343, and 42 U.S.C. § 1988, as amended by the Civil Rights Attorney Fee Award Act of 1976.
7. This action is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.; the Colorado Anti-Discrimination Act, Colo. Rev. Stat. 24-34-401 et seq.; and 42 U.S.C. § 1981.
8. Venue lies in this judicial district under 28 U.S.C. § 1391(b) as all of the unlawful employment practices alleged herein occurred in the State of Colorado.

**GENERAL ALLEGATIONS OF FACT**

9. From January of 2022 to May of 2022, Mr. Abolaji was the head coach of the girls and boys soccer program for Frederick High School. In that role, he oversaw 2 female assistant coaches (white), made strategic decisions, scheduled games and practices, and had general oversight of the program.
10. In accordance to the agreement Mr. Abolaji had with Mr. Gordan, in January NFA-5280 began promoting and operating soccer programs at Frederick Highschool.
11. While Mr. Abolaji was coaching at FHS, defendants Mr. And Mrs. Melendy, Jennifer Rhodes, Jason Paluda, Jay Doehring and Teri Doehring, whom were parents of players on the team, expressed concerns about Mr. Abolaji conduct, most notably alleging that he was recruiting 8th graders, sexually grooming players and his assistant coaches, touched players in inappropriate ways, flirted with players, threatened players and tried to fight parents.
12. In or around January 2022, Mrs. Doehring emailed Mr. Gordan (FHS athletic director) and Mr. Abolaji accusing him of trying to recruit her 8th grade son, which is a direct violation of CHSAA and St. Vrain Valley school rules.
13. Following her complaint in a following meeting, Mr. Gordan communicated to Mr. Abolaji that Mrs. Doehring is the wife of Mr. Doehring, a white soccer coach who was previously fired by FHS prior to Mr. Abolaji hiring.

14. On at least three occasions during the month of February Mr. Gordan communicated to Plaintiff that Mrs. Doehring, Jay Doehring, Mrs. Melendy, Ronald Melendy and their daughter Emma were angry with him that he hired Mr. Abolaji and allowed him access to school facility to operate NFA-5280, his private soccer business.
15. In these conversations Mr. Abolaji told Mr. Gordan, that he fears Mrs. Melendy and Emma, who plays for FHS girls soccer team, will make false accusations against him to get him fired because he is black and a successful soccer coach. Noting their accusations against him were discriminatory in nature.
16. During these conversations Mr. Gordan communicated to him that he knows there is no truth or merit in their accusations, and will deal with them personally. Reinforcing that Mr. Abolaji is doing a great job and has already made positive impact on students, faculty, and the community..
17. Following the investigations Mr. Gordan conducted, he concluded that Mrs. Melendys daughter had not been subjected to mistreatment and Mr. Abolaji did not call her team mates fat.
18. Even after Mr. Gordon's communications to defendants and FHS parents clearing Mr. Abolaji of any wrong doing, The Melendys continued to harass and spread disparaging statements about Mr. Abolaji and NFA-5280 within the community.
19. In March 2022, It had become apparent to Mr. Abolaji that Mr. Melendys intent was to create a hostile work environment by, but not only confronting Mr. Abolaji on the bench during a soccer game he was coaching, humiliating him in front of all the fans and also his team.
20. Mr. Abolaji immediately reported the incident to Mr. Gordan, in which, he was so applauded by Mr. Melendys behavior he promised to address this issue with the parents so it will never happen again. However not only did this behavior continue to happen, the Melendys successfully recruited other parents to harass Mr. Abolaji.
21. On April 2nd, after a FHS highschool game a biligerant man, who was later identified as a parent of a FHS student, aggressively gets into Mr. Abolaji face. Assistant coach Hope Ubel had to step between the man to get him out of Mr. Abolaji face. This parent continued to follow and berate Mr. Abolaji in front of everyone in attendance from the field all the way to the school bus. His behavior was so aggressive and confrontational, Longmont girls head and assistant coach immediately recognized his behavior as racially motivated and thus communicated to Mr. Abolaji concerns for his safety.
22. On April 2nd Defendant Jason Paulina then emailed Mr. Gordan claiming, "Great hire! Team is done. Coach is horrible. Mostly as a person, not a coach. 4 girls (starters) are ready to quit. Us parents expect more from you and FHS. Please get this ship straightened out before its to late!!"
23. In the following days after April 2nd, Mr. Abolaji noticed a change in how members of FHS staff treated him. On April 4th, 2022, Mr. Abolaji asked Mr. Gordan if he could set up a meeting with the FHS parents to clarify any concerns they may have. In which Mr. Gordan replied no, that he will be addressing concerning parents and dispose of any lingering allegations in regards to Mr. Abolaji's coaching.
24. In or around April, Jennifer Rhodes filed a false maltreatment-of-minor complaint against Mr. Abolaji with FHS. Following an investigation, FHS concluded that Mrs. Rhodes daughter had not been subjected to maltreatment. Despite FHS findings, Mr. Abolaji had to sit out of an April 19th soccer game.

25. Russell Fox (FHS principle) and Mr. Gordan communicated to Mr. Abolaji that they knew the accusations were false and he should communicate to his team that his absence from the game was due to him behind sick and not for any disciplinary reasons.
26. Then, in the next game upon Mr. Abolaji's return to coaching duties Mr. and Mrs. Melendy recruited a group of people to begin heckling Mr. Abolaji during and after the game. Their entourage had to be physically constrained from attacking Mr. Abolaji. In particularly Mrs. Melendy is then heard calling Mr Abolaji a "Nigger".
27. After this incident, Mr. Abolaji communicated to Russell Fox and Ty Gordan he wanted to press charges against the Melendy's. After which Mr. Gordan called Mr. Abolaji to ask if instead he would be willing to sit down and talk with the Melendy's instead of pressing charges. Mr. Abolaji feared further retaliation and felt Mr. Gordan and FHS would not provide him the support he needed and declined to sit with the Melendy's. Mr. Gordan then replied that he could no longer use school facilities to operate his private soccer business. Despite having soccer events that weekend, Mr. Abolaji had to cancel all programs. In the following days Mr. Abolaji began suffering from panic attacks and paranoia.
28. After decling Mr. Gordan offer to sit down with the Melendy's Mr. Gordan began accusing Mr. Abolaji of stealing school property and stated that FHS will be pressing theft charges against him.
29. Members of his local church stopped saying hello and avoided Mr. Abolaji.
30. Then in July, during Mrs. Melendys court testimony, she made slanderous statements claiming that Mr. Abolaji retaliated against her daughter by cutting her game time, she also stated that Mr. Abolaji had to be physically constrained from attacking her.
31. In her statements to the court, Mrs. Melendy also stated that Mr. Abolaji called women crap and inferior to men.
32. Though Mrs. Melendy described Mr. Abolaji as unfit to coach, in his statements to the court, Mr. Melendy stated that Mr. Abolaji was a good coach, and that he regretted the discriminatory behaviors directed at Mr. Abolaji.
33. Eventually the judge ruled in the favor of Mr. Abolaji's, despite this ruling, Mr. Abolaji was forced to resign from his position at FHS from the hostile work environment and discrimination.
34. Thinking this would put an end to the defamation against his name and character, in early 2023, FHS players and parents from the girls and boy's soccer team communicated to Mr. Abolaji that Josh Woita, Jay Doehring, and Mrs. Rhodes and the Melendys daughters told them that Mr. Abolaji was violent towards them and players should avoid training with him because he is sexually inappropiate. Some students of FHS, then took screenshots of the Melendys daughter published statements that Mr. Abolaji of tried to attack and assault her and her mom, Mrs. Melendy.
35. Then on August 28, 2023 at Neighbors point park in Firestone Colorado, while Mr. Abolaji was lawfully working with a client, Mr. Woita and Mrs. Dirks aggressively confronted Mr. Abolaji yelling at him that he must leave the field, taunting him that he was fired from FHS, as well as threatening to call police on him if he did not leave the public park.
36. This was even more troubling as there was more than one hundred soccer parents, players and other members of the community in full view of their humiliation of Mr. Abolaji.

37. All other coaches on the field were white, defendants singled out Mr. Abolaji, the only black coach on the field. Mrs. Dirks (white) is then heard telling parents who were in attendance that Mr. Abolaji threatened to kill her.
38. Defendants called the police stating that Mr. Abolaji threatened to kill them. Threatening to call the police on innocent black people within the community has been at the forefront of racist acts that whites in America use to humiliate blacks by subjugating black place people as unequal and unwelcome (https://www.nytimes.com/2018/05/11/us/black-white-police.html).
39. From 2022 through to October 2023, defendants continuously and knowingly slandered and published false statements and actions towards Mr. Abolaji.  In an article written by Mrs. Melendys daughter, in that, she claims that Mr. Abolaji provided no hope to FHS soccer program. This article was published by the Frederick lantern on February 8, 2023.
40. In the summer of 2023, while walking his dogs in his neighborhood an unidentified white member of the community began yelling at Mr. Abolaji stating that "whites hate blacks" and "95% of us hate you". Several days later this same gentleman physically attacked Mr. Abolaji.
41. Before working at Frederick Highschool Mr. Abolaji never experienced any form of hostility or harassment in his community. Mr. Abolaji is often seen walking his dog, riding his bike or lounging in restaurants and breweries within the community.
42. After all of the defendant's allegations, members of the community and Mr. Gordan made it clear to him that he and his soccer business are no longer welcomed in the community, resulting in the showdown of Mr. Abolaji soccer company.
43. As result of the slander and liebel, Mr. Abolaji has been defamed, had suffered injury and prejudice to his profession and reputation.
44. Even worse, after Abolaji departure from FHS, defendants published a press release praising the hire of two new white coaches Josh Woita and Simone Mortenson. Painting Mr. Abolaji was not a good fit for FHS.
45. Upon information and belief, Defendants has also spoken similar untruths regarding Plaintiffs to other customers and potential customers.
46. Plaintiffs have suffered damages related to its reputation as a result and, upon information and belief, Defendant's comments have caused a decrease in Plaintiffs' profits.

### FOR A FIRST CAUSE OF ACTION – DEFAMATION  (LIBEL)

47. All allegations of fact made previously are repeated as if set forth here verbatim.
48. Upon information and belief, Defendants knowingly wrote false statements asserting Plaintiffs has engaged in professional misconduct and negligence in their role has head coach of Frederick Highschool and provided those statements to third parties by email.
49. The written allegations of the Plaintiffs were defamatory and written with actual malice.
50. Upon information and belief, the unsubstantiated, written allegations by the Defendant were false and made with the expectation and intention by the Defendant that such allegations would: harm Plaintiffs' reputations, deter customers from joining or returning to NFA-5280 programs, lower Plaintiffs in the estimation of the community, decrease Plaintiffs' profits, and deter third persons from associating or dealing with the Plaintiff.

51. Upon information and belief, as a result of Defendant's libel, Plaintiffs have been specially harmed and damages have been incurred, including but not limited to, actual and future damage to reputation.
52. Plaintiffs are informed and believe that they are entitled to recover its consequential, nominal, actual, and special damages, costs, attorney fees, and punitive damages from Defendant upon a finding of libel.

### FOR A SECOND CAUSE OF ACTION – DEFAMATION  (LIBEL PER SE)

53. All allegations of fact made previously are repeated as if set forth here verbatim.
54. Upon information and belief, Defendant knowingly wrote false statements asserting Plaintiffs are unfit in their business to provide soccer coaching, customer service, and a healthy environment for his players, and provided those statements to third parties by and through email.
55. The written allegations that Plaintiffs are unfit for their business were defamatory and written with actual malice.
56. Upon information and belief, the unsubstantiated, written allegations by the Defendant were false and made with the expectation and intention by the Defendant that such allegations would: harm Plaintiffs' reputations, deter customers from going or returning to NFA-5280, lower Plaintiffs in the estimation of the community, decrease Plaintiffs' profits, and deter third persons from associating or dealing with the Plaintiff.
57. Upon information and belief, as a result of Defendant's libel per se, Plaintiff has been specially harmed and damages have been incurred, including but not limited to, actual and future damage to reputation.
58. Plaintiffs are informed and believe that they are entitled to recover its consequential, nominal, actual, and special damages, costs, attorney fees, and punitive damages from Defendants, jointly and severally, upon a finding of libel per se.

### FOR A THIRD CAUSE OF ACTION – DEFAMATION (Slander)

59. All allegations of fact made previously are repeated as if set forth here verbatim.
60. Upon information and belief, Defendant has knowingly spoken false or reckless allegations asserting Plaintiffs have engaged in professional misconduct and negligence in his coaching to third parties.
61. Upon information and belief, the allegations of professional misconduct and negligence of the Plaintiffs were defamatory and spoken with actual malice.
62. Upon information and belief, the unsubstantiated allegations by the Defendant of professional misconduct and negligence by the Plaintiffs were false and made with the expectation and intention by the Defendant that such allegations would: harm Plaintiffs reputation, deter customers from going or returning to NFA-5280, lower Plaintiffs in the estimation of the community, decrease Plaintiffs' profits, and deter third persons from associating or dealing with the Plaintiff.

63. Upon information and belief, as a result of Defendant's slander, Plaintiff has been specially harmed and damages have been incurred, including but not limited to, actual and future damage to reputation.
64. Plaintiffs are informed and believe that they are entitled to recover their consequential, nominal, actual, and special damages, costs, attorney fees, and punitive damages from Defendant upon a finding of slander.

### FOR A FOURTH CAUSE OF ACTION – DEFAMATION  (SLANDER PER SE)

65. All allegations of fact made previously are repeated as if set forth here verbatim.
66. Upon information and belief, Defendant has knowingly spoken false or reckless allegations asserting Plaintiffs are unfit for their business and profession to third parties.
67. Upon information and belief, the allegations of Plaintiffs' unfitness for their business and profession were defamatory and spoken with actual malice.
68. Upon information and belief, the unsubstantiated allegations by the Defendant that Plaintiff is unfit for their business and profession were false and made with the expectation and intention by the Defendants that such allegations would: harm Plaintiffs' reputations, deter customers from going or returning to NFA-5280, lower Plaintiffs in the estimation of the community, decrease Plaintiffs' profits, and deter third persons from associating or dealing with the Plaintiff. 44. Upon information and belief, as a result of Defendant's slander per se, Plaintiff has been specially harmed and damages have been incurred, including but not limited to, actual and future damage to reputation.
69. Plaintiffs are informed and believe that they are entitled to recover their consequential, nominal, actual, and special damages, costs, attorney fees, and punitive damages from Defendant upon a finding of slander per se.
70. All allegations of fact made previously are repeated as if set forth here verbatim.
71. Upon information and belief, by falsely alleging professional misconduct and negligence by the Plaintiff the Defendant committed the tort of injurious falsehood against Plaintiff, intending to cause proximate and consequent economic damage to Plaintiffs.
72. Upon information and belief, the Defendant's conduct has caused the Plaintiff to suffer proximate and special damages as will be more fully set forth during the trial of this action.
73. The Plaintiffs are entitled to an inquiry by the Court in to the underlying facts and circumstances and to judgment against the Defendant, in such amount and upon such terms that will fully compensate the Plaintiffs for nominal, actual, consequential, special, and punitive damages together with prejudgment interests on the amount determined.

### PRAYER FOR RELIEF
WHEREFORE, having fully set forth his Complaint against the Defendants, the Plaintiff pray for the following relief:
A.      That a jury be impaneled to decide all disputed issues of fact;
B.      That Plaintiffs have and recover judgment against the Defendant in such amounts and upon such terms as will fully and fairly compensate Plaintiffs for their nominal, actual, general and consequential damages as will be proven during the trial of this action;

C.      Schedule a hearing for the granting of a Preliminary Injunction compelling Defendant to admit all their statements are false and in turn write apology letter admiring their wrongs to Plaintiff. D. Upon a final hearing, grant a Permanent Injunction compelling Defendant to reveal other members of the community who have stated disparaging or false statements in regards to Mr.
Abolaji and NFA-5280.
E.      That Plaintiffs have and recover judgment against the Defendant for pre-judgment interest;
F.      That Plaintiffs have and recover judgment against the Defendant for the costs and reasonable attorneys' fees incurred by Plaintiffs in this action;
G.      That Plaintiffs have and recover judgment against the Defendant for punitive damages as found appropriate by the Court and trier of fact; and
H.      For such other and further relief as this Court deems just and proper.

Respectfully submitted.

October 19, 2023

Oluwanisola Abolaji
Sola@nfa-fk.com

**D.   STATEMENT OF CLAIM(S)**

*State clearly and concisely every claim that you are asserting in this action. For each claim, specify the right that allegedly has been violated and state all facts that support your claim, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim. You do not need to cite specific legal cases to support your claim(s). If additional space is needed to describe any claim or to assert additional claims, use extra paper to continue that claim or to assert the additional claim(s). Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as "D. STATEMENT OF CLAIMS."*

CLAIM ONE: __See Attached__

    Supporting facts:

E.   **REQUEST FOR RELIEF**

*State the relief you are requesting or what you want the court to do. If additional space is needed to identify the relief you are requesting, use extra paper to request relief. Please indicate that additional paper is attached and label the additional pages regarding relief as "E. REQUEST FOR RELIEF."*   See Attached

F.   **PLAINTIFF'S SIGNATURE**

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

_____
(Plaintiff's signature)

10/19/23
_____
(Date)

(Revised February 2022)

5