# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-02740-GPG-SBP

OLUWANISOLA ABOLAJI,

    Plaintiff,

v.

ST. VRAIN SCHOOL DISTRICT,
BRANDY MELENDY,
RONALD MELENDY, and
TERI DOEHRING,

    Defendants.

## ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Susan Prose, United States Magistrate Judge**

Pro se plaintiff Oluwanisola Abolaji brings this action against defendants St. Vrain School District ("SVSD"), Brandy and Ronald Melendy ("the Melendys"), and Teri Doehring, alleging that they brought about his termination as the head coach for the boys' and girls' soccer team at Frederick High School. *See generally* ECF No. 51 (Second Amended Complaint). This case is before the court on Mr. Abolaji's motion requesting alternative service, ECF No. 78 ("Motion for Alternate Service"), motion for leave to file surreply, ECF No. 89 ("Motion for Surreply"), and motion to supplement, ECF No. 91 ("Motion to Supplement"), after all three motions were referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1). ECF Nos. 80, 90, 92.

1

I.      **Motion for Alternate Service**

Mr. Abolaji filed suit on October 10, 2023, *see* ECF No. 1, and received leave to proceed in forma pauperis, ECF Nos. 2, 7. This court previously explained to Mr. Abolaji that it was his responsibility to provide the United States Marshals Service with addresses for serving defendants. ECF No. 50 at 4. The court also advised Mr. Abolaji that if the Marshals Service was unable to serve any of the still-unserved defendants by December 2, 2024, the court could recommend that all claims against those defendants be dismissed under Federal Rule of Civil Procedure 4(m). *Id.*

Since then, the Marshals Service has successfully served Ms. Doehring but has been unable to serve either of the Melendys. *See* ECF Nos. 70-71. With his Motion for Alternate Service, Mr. Abolaji now asks that the court permit service of the Melendys via publication, posting at their last known address, or email. Motion for Alternate Service at 2.

A.      **Legal standards**

Rule 4 of the Federal Rules of Civil Procedure governs service of process. As pertinent here, it provides:

> Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:
>   (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>   (2) doing any of the following:
>     (A) delivering a copy of the summons and of the complaint to the individual personally;
>     (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

>(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

"The federal rules are silent regarding substituted and alternative service. Where federal rules are silent 'as to a specific procedural requirement,' the deciding court's local rules control." *Two Rivers Water & Farming Co. v. Am. 2030 Cap. Ltd.*, No. 19-cv-01640-CMA-STV, 2019 WL 5535227, at *2 (D. Colo. Oct. 25, 2019) (quoting *Hammond v. City of Junction City*, No. 00-2146-JWL, 2002 WL 169370, at *9 (D. Kan. Jan. 23, 2002)). It is only in those instances when "service of process by personal service cannot be accomplished" that "other means of service may be used." *United States v. Elsberg*, No. 08-cv-00552-MSK-KLM, 2010 WL 5177439, at *3 (D. Colo. Aug. 17, 2010). "For a substituted method of service to be valid, it must comport with due process by being calculated 'to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Id.* (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

**B.    Analysis**

Mr. Abolaji's proposed alternative means of serving the Melendys are each improper. First, while the Colorado Rules of Civil Procedure provide for service by publication, this method is available "only in actions affecting specific property or status or other proceedings in rem." Colo. R. Civ. P. 4(g). Thus, service by publication is expressly limited to cases regarding specific property or brought in rem. *See Penn-Star Ins. Co. v. Bus. Futures, Inc.*, No. 21-cv-01256-RM-NYW, 2021 WL 5071822, at *3 (D. Colo. Sept. 14, 2021). Because Mr. Abolaji alleges employment discrimination and none of his claims can be fairly characterized as

"affecting specific property or status or other proceedings in rem," service of the Melendys by publication is not permitted under federal or Colorado law.

Second, there is no source of authority permitting the court to authorize service by "posting" the summons and operative complaint at the Melendys' last known address or emailing them a copy. *See Greene v. JJLV LLC*, No. 21-cv-01182-RMR-KMT, 2021 WL 5280190, at *3 (D. Colo. Nov. 12, 2021) ("[T]he substituted method of service proposed by Plaintiff, *i.e.*, via certified mail or email, does not comply with Colorado Rule 4(f)."). Consequently, the Motion for Alternate Service is respectfully **DENIED**.

Further, because the court has already provided Mr. Abolaji with multiple opportunities to serve the Melendys and advised him that it could recommend dismissal of the Melendys if they were not served by December 2, 2024, and because that deadline has now passed and the Melendys have still not been served, the court **RECOMMENDS** that the court **DISMISS without prejudice** Brandy and Ronald Melendy and all claims against them. *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—*must* dismiss the action without prejudice against that defendant or order that service be made within a specified time.") (emphasis added).

**II.     Motion for Surreply**

Next, the court turns to the Motion for Surreply in which Mr. Abolaji requests leave to submit a surreply as part of his opposition to Ms. Doehring's motion to dismiss. ECF No. 85. Neither the Federal Rules of Civil Procedure nor this District's Local Rules of Civil Practice allow for surreplies as a matter of right. *Carlson v. Colo. Ctr. for Reprod. Med., LLC*, 341 F.R.D. 266, 276 (D. Colo. 2022). However, in the Tenth Circuit, "[a] district court must permit a

4

surreply where it relies on new materials—i.e., new evidence or new legal argument—raised in a reply brief." *Id.* (quoting *United Fire & Cas. Co. v. Boulder Plaza Residential, LLC*, No. 06-cv-00037-PAB-CBS, 2010 WL 420046, at *10 (D. Colo. 2010) (citation and quotation marks omitted)). While this court appreciates that surreplies are an "unusual privilege," *S.E.C. v. Harman Wright Grp., LLC*, 777 F. App' x 276, 278 (10th Cir. 2019), it will exercise its discretion and allow the filing of Mr. Abolaji's surreply, given his pro se status. Therefore, the Motion for Surreply is **GRANTED**, and the Clerk's Office is requested to docket ECF No. 89-1 as Plaintiff's Surreply.

### III.    Motion to Supplement

Lastly, the court takes up Mr. Abolaji's request to "supplement the record" with additional exhibits. At present, this case is still in the pleading stage and awaiting a ruling on Ms. Doehring's motion to dismiss, which argues for dismissal under Rules 12(b)(1) and (6) for lack of subject matter jurisdiction and failure to state a claim. While the court can consider materials outside the pleadings for purposes of assessing whether the court has subject matter jurisdiction, the materials Mr. Abolaji wishes to provide the court have no bearing on that inquiry. Rather, the materials appear to be Mr. Abolaji's premature attempt to supply evidence for his claims. *See* ECF No. 91-1.

At this stage, there is no "record" before the court for purposes of assessing Ms. Doehring's arguments under Rule 12(b)(6) since the only factual materials that the court is to consider for purposes of that Rule are the well-pleaded allegations in Mr. Abolaji's operative complaint. *See Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) ("The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might

present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted.") (quotation omitted). And although courts may consider "documents referred to in the complaint if the documents are central to the plaintiff's claim," *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010) (quotation omitted), the documents that are the subject of the Motion to Supplement are not referenced in the Second Amended Complaint, nor do they appear to be central—as opposed to merely relevant—to Mr. Abolaji's claims. *Compare* Second Amended Complaint, *with* ECF No. 91-1. Accordingly, the Motion to Supplement is **DENIED**.[1]

DATED: February 19, 2025                         BY THE COURT:

_____
Susan Prose
United States Magistrate Judge

---

[1] Rule 72 of the Federal Rules of Civil Procedure provides that within fourteen (14) days after service of a Magistrate Judge's order or recommendation, any party may serve and file written objections with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. §§ 636(b)(1)(A), (B); Fed. R. Civ. P. 72(a), (b). Failure to make any such objection will result in a waiver of the right to appeal the Magistrate Judge's order or recommendation. *See Sinclair Wyo. Ref. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 782 (10th Cir. 2021) (firm waiver rule applies to non-dispositive orders); *but see Morales-Fernandez v. INS*, 418 F.3d 1116, 1119, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review, including when a "pro se litigant has not been informed of the time period for objecting and the consequences of failing to object").